```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA

      -against-

BARNEY HENRY,

                    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2025
```

25 Mag. 23 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Government appeals the January 13, 2025 bail order issued by the Honorable Gary Stein with respect to Defendant, Barney Henry. *See* ECF Nos. 6–7. For the reasons stated below, Judge Stein's order is affirmed.

## BACKGROUND

    The Government's complaint charges Henry with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). *See* Compl. ¶ 1, ECF No. 1. The Government alleges that, having been convicted of attempted robbery in the second degree in state court, Henry knowingly possessed ammunition on March 19, 2024. *Id.* ¶¶ 1, 10. According to the Government, on that day at approximately 5:25 p.m., Henry approached a man exiting a Bronx store and, with disregard for the numerous individuals congregated in the area, shot at the man several times and fled.[1] *Id.* ¶ 3.

    On January 8, 2025, Henry was presented before the Honorable Barbara C. Moses, who ordered him detained pending a bail hearing. ECF No. 4. On January 13, the bail hearing was held before Judge Stein. ECF No. 5. After hearing from both parties and considering the factors set forth in 18 U.S.C. § 3142(g), Judge Stein found that the Government "ha[d] not met its burden of showing by clear and convincing evidence that Mr. Henry is a danger to the

---

[1] Although not in the complaint, the Government further alleges that Henry continued to shoot at his victim after encountering him a block away from the initial shooting. ECF No. 6 at 4.

community," and released Henry on bail subject to the following conditions: (1) a $150,000 bond to be co-signed by Henry's girlfriend, mother, and brother, plus one additional co-signer; (2) home detention with location monitoring; and (3) no contact with a former girlfriend. Hearing Tr. at 49:1–50:21, 52:17–23, 53:4–54:24.

The Government appealed Judge Stein's bail order by letter dated January 14, 2025.[2]  *See* ECF No. 6.  The Court ordered Henry detained pending its decision on the appeal.  *Id.* at 8.

## DISCUSSION

I.   Legal Standard

A district court reviews *de novo* a magistrate judge's decision to release or detain a defendant.  *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Jones*, 566 F. Supp. 2d 288, 289–90 (S.D.N.Y. 2008).  Under the Bail Reform Act, a defendant shall be detained if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  The Government has the "burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community," and "by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

In determining whether the Government has met its burden, the Court considers the factors set forth in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged," including whether the offense involves a firearm; (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person," including their character,

---

[2] Given Judge Stein's thorough and well-reasoned order and the parties' written submissions, the Court does not find a hearing necessary and decides this bail appeal solely on the papers.  *See United States v. Rivera*, No. 20 Cr. 304, 2020 WL 4383505, at *1 n.1 (S.D.N.Y. July 31, 2020); *United States v. Morgan*, No. 12 Cr. 223, 2014 WL 2465278, at *1 (S.D.N.Y. May 12, 2014).

community," and released Henry on bail subject to the following conditions: (1) a $150,000 bond to be co-signed by Henry's girlfriend, mother, and brother, plus one additional co-signer; (2) home detention with location monitoring; and (3) no contact with a former girlfriend. Hearing Tr. at 49:1–50:21, 52:17–23, 53:4–54:24.

The Government appealed Judge Stein's bail order by letter dated January 14, 2025.[2]  *See* ECF No. 6.  The Court ordered Henry detained pending its decision on the appeal.  *Id.* at 8.

## DISCUSSION

I.   Legal Standard

A district court reviews *de novo* a magistrate judge's decision to release or detain a defendant.  *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Jones*, 566 F. Supp. 2d 288, 289–90 (S.D.N.Y. 2008).  Under the Bail Reform Act, a defendant shall be detained if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  The Government has the "burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community," and "by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

In determining whether the Government has met its burden, the Court considers the factors set forth in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged," including whether the offense involves a firearm; (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person," including their character,

---

[2] Given Judge Stein's thorough and well-reasoned order and the parties' written submissions, the Court does not find a hearing necessary and decides this bail appeal solely on the papers.  *See United States v. Rivera*, No. 20 Cr. 304, 2020 WL 4383505, at *1 n.1 (S.D.N.Y. July 31, 2020); *United States v. Morgan*, No. 12 Cr. 223, 2014 WL 2465278, at *1 (S.D.N.Y. May 12, 2014).

physical and mental condition, and past conduct; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

II. Danger to the Community

Having considered the Government's motion, Henry's opposition, Judge Stein's bail decision, and the arguments made by counsel at both the presentment and bail hearing, the Court agrees with Judge Stein that the Government has not shown by clear and convincing evidence that Henry poses a danger to the community. Although Henry is alleged to have fired a gun on a populated street, an undoubtedly serious crime, the evidence against him is, as Judge Stein notes, "not particularly strong." Hearing Tr. at 44:15–16; *see also id.* at 42:15–44:1 (describing the Government's evidence, which hinges largely on one police officer who did not witness the incident and claims to recognize Henry on surveillance video footage). Moreover, Henry has been out on state bail for at least eight months and, with one notable exception, he has complied with his conditions of release. *Id.* at 46:4–9. The Government, meanwhile, did not file its complaint until January 3, 2025, so it clearly did not view Henry as posing an imminent threat. *See* Compl.

Like Judge Stein, the Court is concerned that Henry has been the subject of multiple domestic incident reports over the past three years, one of which stems from conduct that occurred immediately prior to Henry's recent arrest. *See* Hearing Tr. at 46:18–48:10; ECF No. 6 at 6. Nevertheless, all but one of the reports were generated between March 2022 and November 2023, and Judge Stein wisely imposed the bail condition that Henry is to have no contact with the woman who filed the majority of the reports. Hearing Tr. at 46:18–22, 50:2–4.

Finally, Henry does not have an extensive criminal history. Although he was twice convicted of attempted robbery, these offenses occurred two decades ago. *Id.* at 45:3–17. The

issue is close, but the Court finds that the Government has not shown by clear and convincing evidence that Henry poses a danger to the community.

III.   Flight Risk

The Government spends little effort arguing that Henry poses a flight risk, and for good reason: Since being released on state bail in April 2024, Henry has continued to comply with his conditions of release, including by appearing in court.  *Id.* at 4:1–4, 46:4–9.  Furthermore, Henry has a stable job as a barber and supports his five children.  *Id.* at 21:6–8, 36:4–6.  The Court finds, therefore, that the Government has not proven by a preponderance of the evidence that he poses a flight risk.

## CONCLUSION

For the foregoing reasons, Judge Stein's bail order is AFFIRMED.

SO ORDERED.

Dated:  January 17, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge